UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80743-MOORE/SIMONTON

GENERAL FIDELITY INSURANCE COMPANY,

      Plaintiff,

v.

KATHERINE L. FOSTER, an individual;
et al.,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO LIFT STAY AND ADMINISTRATIVELY REOPEN CASE AND MEMORANDUM OF LAW IN SUPPORT

    COMES NOW, PLAINTIFF, GENERAL FIDELITY INSURANCE COMPANY, and moves this Court, pursuant to Local Rule 7.1, to lift its stay and administratively reopen this case so the action may proceed in this Court and states as follows:

    1.    This is an action for declaratory judgment pursuant to Rule 57 of the FED. R. CIV. P. and 28 U.S.C § 2201.

    2.    On May 15, 2009, Plaintiff filed this action for declaratory judgment in light of the putative class action lawsuit also filed in this Court and entitled *Katherine L. Foster v. Northstar Holdings, Inc. et al.*, case number 09-80535 ("Underlying Putative Class Action"). (Dkt 1, Exhibit A).

    3.    On June 17, 2009, this Court entered an Order Staying and Administratively Closing Chinese-Manufactured Drywall Products Liability Cases Pending Transfer Pursuant to MDL No. 2047. (Dkt. 6).

4.      This Court's June 17th Order was in response to the Transfer Order of the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel"), MDL No. 2047, dated June 15, 2009.  *See* Transfer Order attached as EXHIBIT A.

5.      The MDL Panel's Transfer Order identified ten products liability cases, including eight in Florida, one in Louisiana, and one in Ohio. *See* EXHIBIT A.

6.      The MDL Panel's Transfer Order did not reference any other actions other than the ten it listed in Schedule A. *See* EXHIBIT A.

7.      The ten actions listed in Schedule A attached to the MDL Panel's Transfer Order did not include the Underlying Putative Class Action or this case. *See* EXHIBIT A.

8.      The MDL Panel's Transfer Order did not transfer the Underlying Putative Class Action or this case. *See* EXHIBIT A.

9.      In a footnote, the MDL Panel's Transfer Order mentioned 67 related actions pending in numerous federal districts that the MDL Panel described as "potential tag-along actions." *See* EXHIBIT A.

10.     The MDL Panel's Transfer Order did not specifically identify the 67 "potential tag-along actions."  EXHIBIT A.

11.     This Court's Order dated June 17, 2009 also attached Schedule A and listed the four products liability cases pending in this Court, consistent with the MDL Panel's transfer order.  (Dkt. 6).

12.     This Court's Order stayed the actions listed in Schedule A pending transfer pursuant to the Panel's Transfer Order.  (Dkt. 6).

13.     This Court's Order also listed actions in Schedule B.  (Dkt. 6).

2

14.    Schedule B attached to this Court's Order included the Underlying Putative
Class Action and this case. (Dkt. 6).

15.    This Court stayed the cases listed in Schedule B pending the MDL Panel's
determination as to whether transfer of such actions was appropriate. (Dkt. 6).

16.    On June 18, 2009, the MDL Panel entered a Conditional Transfer Order
(CTO-1) conditionally transferring 29 additional "tag-along actions," including the
Underlying Putative Class Action from this Court to the Eastern District of Louisiana.
Conditional Transfer Order (CTO-1) attached as EXHIBIT B.

17.    The Conditional Transfer Order did not conditionally transfer this case. *See*
EXHIBIT B.

18.    On July 16, 2009, the Clerk of this Court transferred the Underlying Putative
Class Action to the Eastern District of Louisiana in compliance with the Conditional
Transfer Order. Clerk Letter dated July 16, 2009 attached as EXHIBIT C.

19.    More than forty five (45) days have passed since this Court's Order staying
the cases listed in Schedule B pending the MDL Panel's determination as to whether
transfer of such actions was appropriate, and the MDL Panel has not entered any order
with respect to transferring this action.

20.    Plaintiff has not filed a motion to transfer this case with the MDL Clerk of
Panel.

21.    Plaintiff seeks to keep this action in the Southern District Court of Florida.

22.    Plaintiff moves this Court to lift the stay and administratively reopen this case
so it may proceed in this Court.

3

23.     Plaintiff has not conferred with any parties in this litigation because when this

Court administratively closed this action, service of process had not been perfected upon

any of the defendants.

WHEREFORE, Plaintiff requests this Court to lift its stay and administratively reopen

the case so the action may proceed in this Court.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY AND ADMINISTRATIVELY REOPEN CASE TO PROCEED

### I.     Analysis

#### A.     Purpose of multidistrict litigation

The multidistrict litigation statue was enacted as a means of conserving judicial

resources in situations where multiple cases involving common questions of fact were filed

in different judicial districts. *In re Food Lion, Inc.*, 73 F.3d 528, 531-532 (4th Cir. 1996).

#### B.     Rules of Procedure of the Judicial Panel on Multidistrict Litigation

Panel Rule 1.1 defines "tag-along actions" as "civil action[s] pending in a district

court and involving common questions of fact with actions previously transferred under

Section 1407." A party seeking to transfer a case related to an existing MDL case must

file a Notice of Tag-Along Action with the MDL. *See* Rule, 7.4, R.P.J.M.L. Upon learning

of a potential tag-along action, the MDL Panel may issue an order conditionally transferring

the action to the transferee court, which, in this instance, is the Eastern District of

Louisiana. *See* Rule 7.4, R.P.J.M.L.

During the pendency of any transfer request before the MDL Panel–whether

pursuant to an initial transfer motion or a request to transfer a potential "tag-along

4

action"–the authority of the district court in which the action is currently pending remains unaffected. Rule 1.5, R.P.J.M.L. Here, there is no pending transfer request with regard to this action.

## C. No transfer requests or orders conditionally transferring the case

Plaintiff does not seek the transfer of this case with an existing MDL case and therefore did not file a Notice of Tag-Along Action with the MDL, as provided in Rule 7.4. While the Underlying Putative Class Action has been transferred to the Eastern District of Louisiana, Plaintiff contends that this is not a tag-along action sharing common issues of fact that needs to be transferred to the Eastern District of Louisiana. Plaintiff has not filed a Notice of Tag-Along Action with the MDL, and the MDL Panel has not entered any order conditionally transferring this action to the transferee court. Rule 7.4, R.P.J.M.L.

## D. Case should remain in Southern District Court of Florida

This action involves the interpretation of a Florida liability insurance policy. (Dkt. 1). Florida law applies to the interpretation of the policy. The interpretation of an insurance policy is a question of law for the court. *See Rad Source Technologies, Inc. v. Essex Ins. Co.*, 902 So. 2d 264, 265 (Fla. 4th DCA 2005); *James River Ins. Co. v. Ground Down Eng'g*, 540 F.3d 1270, 1274 (11th Cir. 2008).

The multidistrict litigation statue was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact are filed in different judicial districts. The MDL Panel's Transfer Order found that "[c]entralization under Section 1407 will eliminate duplicative discovery, including discovery on international

parties; and conserve the resources of the parties, their counsel and the judiciary." See EXHIBIT A.

The MDL Panel transfer of the Underlying Putative Class Action to the Eastern District of Louisiana has no bearing on the issues in the declaratory judgment action and this case should remain in this Court. The goals and purposes of multidistrict litigation would not be served by having this case transferred to the Eastern District of Louisiana because this case is not a products liability case and does not involve common questions of fact with the Underlying Putative Class Action or any other products liability case.

This case involves the obligation to defend and indemnify under a Florida liability insurance policy; there are no international defendants (such as the Chinese drywall manufacturers), and this case, which involves comparing the allegations of the Underlying Putative Class Action to the policy, will involve little to no discovery. Transferring this case to the Eastern District of Louisiana for "coordinated or consolidated pretrial proceedings" would not serve the interests or goals of multidistrict litigation.

## II.   Conclusion

WHEREFORE, Plaintiff requests this Court to lift its stay and administratively reopen the case so the action may proceed in this Court.

6

Dated: August 12, 2009
Tampa, Florida

Respectfully submitted,

/s Louis Schulman
LOUIS SCHULMAN, ESQ.
Florida Bar No.: 377244
lschulman@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff, GENERAL FIDELITY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2009, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  The initial pleadings have not yet been served

upon the Defendants in this case so the foregoing has not been served on counsel of

record or any pro se parties.

/s Louis Schulman
LOUIS SCHULMAN, ESQ.
Florida Bar No.: 377244
lschulman@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff, GENERAL FIDELITY
INSURANCE COMPANY

# EXHIBIT "A"

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**Jun 15, 2009**

FILED
CLERK'S OFFICE

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**

MDL No. 2047

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in two Southern District of Florida actions move, respectively, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain actions listed on Schedule A in the Southern District of Florida. The two motions collectively encompass ten actions, four actions in the Southern District of Florida, three actions in the Middle District of Florida and one action each in the Northern District of Florida, Eastern District of Louisiana, and Southern District of Ohio.[1]

Taylor Morrison Services, Inc., a defendant in a Middle District of Florida action (*Culliton*), initially opposed the motion and supported centralization in the Middle District of Florida in the alternative; at oral argument this defendant appeared to fully support centralization in the Middle District of Florida. Venture Supply, Inc., and Porter-Blaine Corp., two defendants in the related action in the Eastern District of Virginia, oppose inclusion of that action, which is not embraced by either motion, in any multidistrict proceedings at this time and ask that any transfer of the action be considered at a later date.

Plaintiff in the Southern District of Ohio action supports centralization but suggests the Southern District of Ohio as the transferee district. Plaintiffs in a related action in the Southern District of Alabama initially suggested centralization in that district, but at oral argument these plaintiffs seemed to support centralization in the Middle District of Florida or the Eastern District of Louisiana. All other responding parties support centralization in the Middle District of Florida, the Southern District of Florida or the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient

---

[1] The parties have notified the Panel of 67 related actions pending in numerous federal districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



EXHIBIT
**A**

-2-

conduct of this litigation. All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases. Centralization under Section 1407 will eliminate duplicative discovery, including any discovery on international parties; prevent inconsistent pretrial rulings, particularly those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary. Also, we concur with the request of the defendants in the Eastern District of Virginia related action to consider transfer of that action in the normal course.

No district is a clear focal point of this litigation. The common manufacturing defendant and its affiliates are foreign entities without a major presence in any of the suggested transferee districts. Most actions also name local entities, such as builders and suppliers, as defendants. All of the suggested districts, particularly those in the southeastern region, have a nexus to the litigation through allegedly affected houses built with the drywall at issue. On balance, we are persuaded that the Eastern District of Louisiana is a preferable transferee forum for this litigation. Centralization in this district permits the Panel to effect the Section 1407 assignment to a judge who has extensive experience in multidistrict litigation as well as the ability and temperament to steer this complex litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2047

## SCHEDULE A

### Middle District of Florida

Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 2:09-54
Duane Ankney v. Knauf Gips KG, et al., C.A. No. 2:09-166
Kristin Morgan Culliton v. Taylor Morrison Services, Inc., et al., C.A. No. 8:09-589

### Northern District of Florida

The Mitchell Co., Inc. v. Knauf Gips KG, et al., C.A. No. 3:09-89

### Southern District of Florida

Lawrence Riesz, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 0:09-60371
Karin Vickers, et al. v. Knauf Gips KG, et al., C.A. No. 1:09-20510
Lorena Garcia, et al. v. Lennar Corp., et al., C.A. No. 1:09-20739
Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 1:09-20796

### Eastern District of Louisiana

Jill M. Donaldson, et al. v. Knauf Gips KG, et al., C.A. No. 2:09-2981

### Southern District of Ohio

Steven Minafri v. M/I Homes, Inc., et al., C.A. No. 2:09-167

# EXHIBIT "B"

A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Jul 07, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL - 7 2009

UNITED STATES JUDICIAL PANEL

LORETTA G. WHYTE
MULTIDISTRICT LITIGATION
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 18, 2009**

FILED
CLERK'S OFFICE

## IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL No. 2047

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-1)

On June 15, 2009, the Panel transferred nine civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* __F.Supp.2d__ (J.P.M.L. 2009). With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of June 15, 2009, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**Jul 07, 2009**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

EXHIBIT

B

____ Fee ____
____ Process ____
_X_ Dktd ____
____ CtRmDep. ____
____ Doc. No. ____

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

EDLA
SEC.L/2

| DIST. | DIV. | C.A. # | CASE CAPTION | |
|-------|------|--------|--------------|---|
| **ALABAMA NORTHERN** | | | | |
| ALN | 2 | 09-538 | Samuel Ledford v. Knauf Gips KG, et al. | **09-4292** |
| **ALABAMA SOUTHERN** | | | | |
| ALS | 1 | 09-255 | Sylvia Rayfield, et al. v. Knauf Gips KG, et al. | **09-4293** |
| **FLORIDA SOUTHERN** | | | | |
| FLS | 1 | 09-20847 | Larry Galvin, et al. v. Knauf Gips KG, et al. | **09-4294** |
| FLS | 1 | 09-21027 | Felix Feliciano, et al. v. Knauf Gips KG, et al. | **09-4295** |
| FLS | 1 | 09-21028 | Jorge Fernandez, et al. v. Knauf Gips KG, et al. | **09-4296** |
| FLS | 1 | 09-21055 | Anna Pelligra v. Knauf Gips KG, et al. | **09-4297** |
| FLS | 1 | 09-21057 | Ricardo Rizzo, et al. v. Knauf Gips KG, et al. | **09-4298** |
| FLS | 1 | 09-21060 | Julian Flores, et al. v. Knauf Gips KG, et al. | **09-4299** |
| FLS | 1 | 09-21061 | Enrique Valdes, et al. v. Knauf Gips KG, et al. | **09-4300** |
| FLS | 1 | 09-21062 | Jose Francisoc Oves v. Knauf Gips KG, et al. | **09-4301** |
| FLS | 1 | 09-21063 | Roger Leben, et al. v. Knauf Gips KG, et al. | **09-4302** |
| FLS | 1 | 09-21145 | Daniel Villalta, et al. v. Knauf Gips KG, et al. | **09-4303** |
| FLS | 1 | 09-21146 | Raymond Sardina, et al. v. Knauf Gips KG, et al. | **09-4304** |
| FLS | 1 | 09-21250 | Carrie Trepkowski, et al. v. Knauf Gips KG, et al. | **09-4305** |
| FLS | 2 | 09-14111 | Ronald Scritchfield, et al. v. Knauf Gips KG, et al. | **09-4306** |
| FLS | 2 | 09-14115 | Arif Shakoor v. Knauf Gips KG, et al. | **09-4307** |
| FLS | 2 | 09-14125 | Francine Kelly v. Knauf Gips KG, et al. | **09-4308** |
| FLS | 2 | 09-14126 | Terel Downs, et al. v. Knauf Gips KG, et al. | **09-4309** |
| FLS | 2 | 09-14127 | Thomas Teefy, et al. v. Knauf Gips KG, et al. | **09-4310** |
| FLS | 2 | 09-14128 | Donna Malkki, et al. v. Knauf Gips KG, et al. | **09-4311** |
| FLS | 2 | 09-14129 | Anne M. O'Hear v. Knauf Gips KG, et al. | **09-4312** |
| FLS | 2 | 09-14137 | Deborah Bradford v. Knauf Gips KG, et al. | **09-4313** |
| FLS | 2 | 09-14138 | Russell Knapp, et al. v. Knauf Gips KG, et al. | **09-4314** |
| FLS | 2 | 09-14139 | John Schurer v. Knauf Gips KG, et al. | **09-4315** |
| FLS | 2 | 09-14140 | Thomas Catalano, et al. v. Knauf Gips KG, et al. | **09-4316** |
| FLS | 2 | 09-14141 | Gregory Skora, et al. v. Knauf Gips KG, et al. | **09-4317** |
| FLS | 2 | 09-14142 | Annette Badchkam v. Knauf Gips KG, et al. | **09-4318** |
| FLS | 2 | 09-14154 | Derrick Peterson, et al. v. Treasure Coast Homes, LLC, et al. | **09-4319** |
| FLS | 9 | 09-80535 | Katherine L. Foster v. NorthStar Holdings, Inc., et al. | **09-4320** |
| FLS | 9 | 09-80644 | Bryan Feuerberg, et al. v. Knauf Gips KG, et al. | **09-4321** |
| FLS | 9 | 09-80730 | Sherley Frais v. Knauf Gips KG, et al. | **09-4322** |

**MDL No. 2047 - Schedule CTO-1 Tag-Along Actions (Continued)**

|  |  | | **EDLA<br>SEC.L/2** |
|---|---|---|---|
| **DIST.  DIV.  C.A. #** | | **CASE CAPTION** | |
| LOUISIANA MIDDLE | | | |
| LAM   3   09-301 | | Darryl Paul Ledet, et al. v. Knauf Gips KG, et al. | 09-4323 |
| MISSISSIPPI SOUTHERN | | | |
| MSS    1   09-234 | | Christopher Whitfield v. Knauf Gips KG, et al. | 09-4324 |

NORTH CAROLINA EASTERN
NCE   2   09-25   Curtis Hinkley, et al. v. Taishan Gypsum Co., Ltd., et al.  Opposed 6/25/09

VIRGINIA EASTERN
VAE   2   09-202   Michelle Germano, et al. v. Taishan Gypsum Co., Ltd., et al.
Opposed 6/25/09

# EXHIBIT "C"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK OF COURT



July 16, 2009

United States District Court
Eastern District of Louisiana

RE:  MDL# 2047 Chinese-Manufactured Drywall Products Liability Litigation
     Our Case # See Attached Schedule

Dear Clerk:

In compliance with the Conditional Order of Transfer, we are forwarding herewith copies of the Complaint (including notice of removal, if applicable), any amendments, the docket sheet and the MDL Transfer Order.

Please acknowledge receipt of the above on the enclosed copy of this letter.

Steven M. Larimore
Clerk of Court


    s/ Graciela Gomez
by: _____

    Deputy Clerk

Encl.

---

□ 400 N. Miami Avenue    □299 E. Broward Boulevard    □301 Simonton Street    □300 S. Sixth Street
Room 150    Room 108    Room 130    Ft. Pierce, FL 34950
Miami, FL 33128    Ft. Lauderdale, FL 33301    Key West, FL 33040    772-595-9691
305-523-5100    954-769-5400    305-295-8100

**EXHIBIT**

C

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK OF COURT



July 16, 2009

United States District Court
Eastern District of Louisiana

RE: MDL# 2047
Our Case #See Attached Schedule

Dear Clerk:

In compliance with the Conditional Order of Transfer, we are forwarding herewith copies of the Complaint (including notice of removal, if applicable), any amendments, the docket sheet and the MDL Transfer Order.

Please acknowledge receipt of the above on the enclosed copy of this letter.

Steven M. Larimore
Clerk of Court

   s/ Graciela Gomez
by: _____

   Deputy Clerk

Encl.

| **CLERK'S ACKNOWLEDGMENT OF RECEIPT** |
|---|
| Receipt of: 1) court file<br>               2) Certified copy of<br>                  Transfer Order<br>               3) Certified copy of<br>                  Docket sheet |
| is hereby acknowledged. This case has been assigned our case number: |
| _____ |
| by: _____, Deputy Clerk |
| on: _____ |

☐400 N. Miami Avenue   ☐299 E. Broward Boulevard   ☐701 Clematis Street   ☐301 Simonton Street   ☐300 S. Sixth Street
Room 150   Room 108   Room 402   Room 130   Ft. Pierce, FL 34950
Miami, FL 33128   Ft. Lauderdale, FL 33301   W. Palm Beach, FL 33401   Key West, FL 33040   772-595-9691
305-523-5100   954-769-5400   561-803-3400   305-295-8100

A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Jul 07, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL - 7 2009

UNITED STATES JUDICIAL PANEL

MULTIDISTRICT LITIGATION
LORETTA G. WHYTE
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 18, 2009**

FILED
CLERK'S OFFICE

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**

MDL No. 2047

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On June 15, 2009, the Panel transferred nine civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* __F.Supp.2d__ (J.P.M.L. 2009). With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of June 15, 2009, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**Jul 07, 2009**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

**IN RE: CHINESE-MANUFACTURED DRYWALL**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2047

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

EDLA
SEC.L/2

| DIST. | DIV. | C.A. # | CASE CAPTION | |
|-------|------|--------|--------------|---|
| **ALABAMA NORTHERN** | | | | |
| ALN | 2 | 09-538 | Samuel Ledford v. Knauf Gips KG, et al. | 09-4292 |
| **ALABAMA SOUTHERN** | | | | |
| ALS | 1 | 09-255 | Sylvia Rayfield, et al. v. Knauf Gips KG, et al. | 09-4293 |
| **FLORIDA SOUTHERN** | | | | |
| FLS | 1 | 09-20847 | Larry Galvin, et al. v. Knauf Gips KG, et al. | 09-4294 |
| FLS | 1 | 09-21027 | Felix Feliciano, et al. v. Knauf Gips KG, et al. | 09-4295 |
| FLS | 1 | 09-21028 | Jorge Fernandez, et al. v. Knauf Gips KG, et al. | 09-4296 |
| FLS | 1 | 09-21055 | Anna Pelligra v. Knauf Gips KG, et al. | 09-4297 |
| FLS | 1 | 09-21057 | Ricardo Rizzo, et al. v. Knauf Gips KG, et al. | 09-4298 |
| FLS | 1 | 09-21060 | Julian Flores, et al. v. Knauf Gips KG, et al. | 09-4299 |
| FLS | 1 | 09-21061 | Enrique Valdes, et al. v. Knauf Gips KG, et al. | 09-4300 |
| FLS | 1 | 09-21062 | Jose Francisoc Oves v. Knauf Gips KG, et al. | 09-4301 |
| FLS | 1 | 09-21063 | Roger Leben, et al. v. Knauf Gips KG, et al. | 09-4302 |
| FLS | 1 | 09-21145 | Daniel Villalta, et al. v. Knauf Gips KG, et al. | 09-4303 |
| FLS | 1 | 09-21146 | Raymond Sardina, et al. v. Knauf Gips KG, et al. | 09-4304 |
| FLS | 1 | 09-21250 | Carrie Trepkowski, et al. v. Knauf Gips KG, et al. | 09-4305 |
| FLS | 2 | 09-14111 | Ronald Scritchfield, et al. v. Knauf Gips KG, et al. | 09-4306 |
| FLS | 2 | 09-14115 | Arif Shakoor v. Knauf Gips KG, et al. | 09-4307 |
| FLS | 2 | 09-14125 | Francine Kelly v. Knauf Gips KG, et al. | 09-4308 |
| FLS | 2 | 09-14126 | Terel Downs, et al. v. Knauf Gips KG, et al. | 09-4309 |
| FLS | 2 | 09-14127 | Thomas Teefy, et al. v. Knauf Gips KG, et al. | 09-4310 |
| FLS | 2 | 09-14128 | Donna Malkki, et al. v. Knauf Gips KG, et al. | 09-4311 |
| FLS | 2 | 09-14129 | Anne M. O'Hear v. Knauf Gips KG, et al. | 09-4312 |
| FLS | 2 | 09-14137 | Deborah Bradford v. Knauf Gips KG, et al. | 09-4313 |
| FLS | 2 | 09-14138 | Russell Knapp, et al. v. Knauf Gips KG, et al. | 09-4314 |
| FLS | 2 | 09-14139 | John Schurer v. Knauf Gips KG, et al. | 09-4315 |
| FLS | 2 | 09-14140 | Thomas Catalano, et al. v. Knauf Gips KG, et al. | 09-4316 |
| FLS | 2 | 09-14141 | Gregory Skora, et al. v. Knauf Gips KG, et al. | 09-4317 |
| FLS | 2 | 09-14142 | Annette Badchkam v. Knauf Gips KG, et al. | 09-4318 |
| FLS | 2 | 09-14154 | Derrick Peterson, et al. v. Treasure Coast Homes, LLC, et al. | 09-4319 |
| FLS | 9 | 09-80535 | Katherine L. Foster v. NorthStar Holdings, Inc., et al. | 09-4320 |
| FLS | 9 | 09-80644 | Bryan Feuerberg, et al. v. Knauf Gips KG, et al. | 09-4321 |
| FLS | 9 | 09-80730 | Sherley Frais v. Knauf Gips KG, et al. | 09-4322 |

**MDL No. 2047 - Schedule CTO-1 Tag-Along Actions (Continued)**

| DIST. DIV. C.A. # | CASE CAPTION | EDLA SEC.L/2 |
|---|---|---|
| LOUISIANA MIDDLE | | |
| LAM 3 09-301 | Darryl Paul Ledet, et al. v. Knauf Gips KG, et al. | 09-4323 |
| MISSISSIPPI SOUTHERN | | |
| MSS 1 09-234 | Christopher Whitfield v. Knauf Gips KG, et al. | 09-4324 |
| NORTH CAROLINA EASTERN | | |
| NCE 2 09-25 | Curtis Hinkley, et al. v. Taishan Gypsum Co., Ltd., et al. Opposed 6/25/09 | |
| VIRGINIA EASTERN | | |
| VAE 2 09-202 | Michelle Germano, et al. v. Taishan Gypsum Co., Ltd., et al. Opposed 6/25/09 | |