IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GENERAL FIDELITY INSURANCE
COMPANY,

   Plaintiff,

v.                CASE NO.: 09-cv-80743
                  JUDGE: K. Michael Moore
KATHERINE L. FOSTER, an individual,   MAGISTRATE: Judge
NORTHSTAR HOLDINGS, INC., a Florida   Andrea M. Simonton
Corporation, NORTHSTAR HOMES, INC., A
Florida corporation; and NORTHSTAR
HOLDINGS AT B & A, LLC, a Florida
Corporation,

   Defendants.
_____

**MOTION FOR RECONSIDERATION OF THE JANUARY 4, 2010 ORDER DENYING DEFENDANTS', NORTHSTAR HOLDINGS, INC., NORTHSTAR HOMES, INC. AND NORTHSTAR HOLDINGS AT B & A, LLC, UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

   Defendants, NORTHSTAR HOLDINGS, INC., NORTHSTAR HOMES, INC., and NORTHSTAR. HOLDINGS AT B & A, LLC (collectively, "Northstar"), by and through their undersigned attorneys and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure hereby file this Motion for Reconsideration of the Court's January 4, 2010 Order denying Northstar's unopposed motion for an extension of time ("Unopposed Motion") until January 11, 2010, to file a response to the Complaint for Declaratory Judgment filed by Plaintiff, General Fidelity Insurance Company ("Plaintiff') in the above-styled action. The instant motion and the relief sought herein are not opposed by Plaintiff.  In support of the motion, Northstar states the following:

1.      On May 15, 2009, Plaintiff filed this action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 in connection with the putative class action lawsuit also filed in this Court and entitled *Katherine L. Foster v. Northstar Holdings, Inc. et al.,* case number 09-80535 (the "Class Action Suit").

2.      Before Plaintiff was able to serve Northstar with the Complaint for Declaratory Judgment ("Complaint"), this Court, on June 17, 2009, entered an Order Staying and Administratively Closing Chinese-Manufactured Drywall Products Liability Cases Pending Transfer Pursuant to MDL No. 2047 (Dkt. 6).

3.      On August 12, 2009, Plaintiff filed its Motion to Lift Stay and Administratively Reopen Case and Memorandum of Law in Support ("Motion to Lift Stay"), which motion the Court granted on December 7, 2009. (Dkt. 7)

4.      Following the Court's lifting of the stay imposed by its June 17, 2009 Order, Plaintiff served Northstar with the Complaint on December 11, 2009 (i.e., almost seven months following the date that Plaintiff filed the Complaint).

5.      The Complaint, which totals over 260 pages, including its exhibits, requires significant review and investigation in order for the undersigned to prepare a proper and meaningful response. Specifically, the process of responding to the Complaint requires Northstar to compare the allegations of the 49 page, 223 paragraph, Class Action Complaint filed in the Class Action Suit with the provisions of three commercial general liability insurance policies, each of which totals over 55 pages including declarations and endorsements to determine whether such policies provide coverage over the claims asserted against Northstar in the underlying Class Action Suit. Moreover, Northstar was served with the Complaint just prior to the holidays making the task of reviewing and responding to the Complaint in a timely manner more

difficult.

6.  For the above-mentioned reasons, on December 29, 2009, Northstar contacted Plaintiff, through its counsel, to request a brief, 11-day extension of time for Northstar to respond to the Complaint, which Plaintiff agreed to provide.

7.  On December 30, 2009, Northstar filed its Unopposed Motion with the Court in which Northstar inadvertently omitted to provide an explanation of why good cause existed for the Court to provide Northstar with the brief extension of its deadline to respond to the Complaint, as required by Rule 6(b) of the Federal Rules of Civil Procedure. (Dkt. 15). Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

8.  Thus, under Rule 6(b), the Court, in its discretion, may order the period for responding to pleadings extended if a request is made before the expiration of the period originally prescribed. In the instant case, Northstar filed the Unopposed Motion on December 30, 2009, a day in advance of the expiration of its deadline for filing a response to the Complaint. For the reasons discussed above, good cause existed for the Court to grant the extension requested by Northstar. However, due to the inadvertent mistake of the undersigned of failing to include an explanation of why good cause existed for the Court to grant Northstar the relief it sought in the Unopposed Motion, the motion was denied by the Court in its January 4, 2010 Order.

## **MEMORANDUM OF LAW**

The Court has the discretion to grant Northstar relief from its January 4, 2010 Order and provide it with the brief extension it seeks and for which good cause exists under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides that the Court "may on motion and just terms" relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence surprise, or excusable neglect." Additionally, the Court can provide a party such relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As Courts have acknowledged, the exact choice of a particular clause under Rule 60(b) is difficult to make and need not be made where the motion for relief is timely and the reason justifies relief. *Equitable Life Assurance Soc. V. MacGil*, 551 F.2d 978 (5th Cir. Fla. 1977).

Here, as explained above, good cause existed for the Court to grant Northstar a brief extension of time to respond to Plaintiff's Complaint, and the undersigned's failure to explain the reason an extension of the response deadline was necessary was an unintentional and wholly inadvertent mistake. It is within the discretion of the district court to amend an order or judgment which requires correction due to mistake or inadvertence, either on part of counsel or the court itself. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.,* 387 F.3d 1021 (9th Cir. Cal. 2004); *see also Kingvision Pay-Per-View v. Lake Alice Bar,* 168 F.3d 347 (9th Cir. Cal. 1999). Moreover, the extension requested by Northstar was neither sought in bad faith, nor for the purposes of delay, and no party will be prejudiced if the Court grants Northstar the relief sought herein. Finally, Northstar has promptly filed the instant motion following the entry of the Court's January 4, 2010 Order in satisfaction of the requirement that a motion under Rule 60(b) be made within a reasonable time. Fed. R. Civ. P. 60(c).

WHEREFORE, Northstar respectfully requests that this Court reconsider its Order Denying the Unopposed Motion and grant Northstar an extension of time to respond to the Complaint until January 11, 2010 for the reasons set forth above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2010, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send an email notice of electronic filing (NEF) to Plaintiff's counsel, Ryan Kent Hilton, Esquire, Butler, Pappas, Weihmuller, Katz, Craig, LLP, 777 S. Harbour Island Boulevard, Suite 500, Tampa, FL 33602.

**BROAD AND CASSEL**

**Attorneys for Defendants,
Northstar Holdings, Inc. and Northstar Homes, Inc.**

By:   /S/ Michael K. Wilson, P.A.
Michael K. Wilson, P.A.
Florida Bar No.: 0657069
*mkwilson@broadandcassel.com*
390 N. Orange Avenue
Suite 1400
Orlando, FL 32801
Tel: (407) 839-4200
Fax: (407) 425-8377