IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


GENERAL FIDELITY INSURANCE
COMPANY

       Plaintiff,

v.

KATHERINE L. FOSTER, an individual;
NORTHSTAR HOLDINGS, INC., a Florida
corporation; NORTHSTAR HOMES, INC., a
Florida corporation; and NORTHSTAR
HOLDINGS AT B & A, LLC, a Florida
corporation

       Defendants.

CASE NO.: 09-cv-80743
JUDGE: K. Michael Moore
MAGISTRATE: Judge Andrea M.
Simonton

## MOTION TO DISMISS OR STAY
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW defendant KATHERINE FOSTER, through undersigned counsel, and

respectfully moves this Court to dismiss or stay this action pending resolution in another action

already pending in another venue, pursuant to Federal Rule of Civil Procedures 12(b)(3).

I.      **INTRODUCTION**

**The Underlying MDL**

On April 3, 2009, Ms. Foster filed a complaint against the builder of her home, Northstar

Holdings (co-defendants in the case sub judice), as well as other entities for Chinese drywall in

her home (the "Foster lawsuit").  Ms. Foster filed that action, *Katherine L. Foster, et al. v.*

*Northstar Holdings, Inc., et al.*, No. 09-80535, in the Southern District of Florida.  The Judicial

Panel on Multi-District Litigation ("JPML") transferred the Foster lawsuit to MDL-2047, In re

CASE NO. 09-cv-80743-MOORE/SIMONTON

Chinese-Manufactured Drywall Products Liability Litigation, presided over by Judge Eldon

Fallon of the Eastern District of Louisiana.

General Fidelity, one of Northstar's insurers, could have intervened in the Foster lawsuit;

this would have preserved judicial resources, since both suits involve many of the same parties

and same underlying facts.   Instead, General Fidelity filed this declaratory judgment action

against Ms. Foster and her homebuilder, both parties to the underlying Chinese drywall

litigation.   Since this action arises from the facts at issue in the Chinese drywall MDL, it was

identified as a tag-along case, and the JPML issued a Conditional Transfer Order (CTO), which

it then vacated.  Dkt. No. 10 (Sept. 25, 2009), Dkt. No. 12 (Dec. 2, 2009).

Since then, numerous insurance actions involving similar or identical insurance policy

provisions raising the same types of issues raised in this action (such as pollution exclusion

under a commercial general liability policy) have been filed directly before the MDL judge,[1]

who has expressed his desire and intention to resolve the related insurance issues in the MDL:

> I studied the mater a little more closely, and I find that a lot of the
> policy defenses that are being urged really have to do with the type
> of issues that I'll be dealing with in the MDL; that is to say, a
> defense might be contesting contamination or contesting the type
> of material that was being used and whether or not that's accepted
> or excluded by the policy.

---

[1] *See Borne v. Liberty Mut. Fire Ins. Co*., 09-6073; *Van Winkle v. Nautilus Ins. Group*, 09-4378; *West v. State Farm Fire & Cas. Co*., 09-6356; *West v. State Farm Fire & Cas. Co*., 09-6356; *Louis & Huft v. Interior Exterior Bldg. Supply, LP*, 09-7016; *Silva v. Arch Ins. Co*., 09-8034; *Bourdon v. Interior Exterior Bldg. Supply, LP*, No. 09-7025; *Dennis v. State Farm Fire & Cas. Co*., 09-7560; *Pate v. Am. Int'l Specialty Lines Ins. Co*., 09-7791; *Bourgeiois v. Allstate Indem. Co*., 10-00052 (all in E.D. La.). *See* MDL-2047 Docket Nos. 158 & 159, PLC's Notice of Supplemental Authority (Jan. 19, 2010)). http://www.jpml.uscourts.gov/_Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleading%20158.pdf.

CASE NO. 09-cv-80743-MOORE/SIMONTON

> Rather than have discovery in the various districts of the country
> on the same issues - - the whole purpose of the MDL is to prevent
> that - - those insurance issues, since they deal with the same facts
> that I will be dealing with in the MDL, it looks like that those cases
> are better and more efficiently dealt with if they are transferred to
> the MDL.  Hopefully, that will be done.

Trans. of Jan. 14, 2010 Status Conference, attached as Ex. A MDL-2047 Dkt. No. 159 at p. 15,

http://www.jpml.uscourts.gov/_Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleadin

g%20159.pdf.  The MDL Court's preference to handle the insurance issues with the underlying

litigation was reiterated in the Minute Entry.  *Id.* at Ex. B. p. 24 ("The Court declared its

preference for handling insurance matters in the MDL.").

Accordingly, on January 19, 2010, Plaintiff's Liaison Counsel gave notice to the JPML of

this action as a potential tag-along to MDL-2047.  Other insurance actions outside of Louisiana

have also been tagged, and home builders have joined in the preference to have the insurance

issues decided in the MDL.[2]

Although the JPML declined to transfer one insurance action, it did so on a ground not

applicable to this case.  Specifically, on February 5, 2010, the JPML declined to transfer *Builders

Mutual Insurance Company v. Dragas Management Corp., et al*., E.D. Va. No. 2:09-cv-185,

stating: "given that this declaratory judgment action is not related to any action pending in MDL

No. 2047, transfer would not serve the convenience of the parties and witnesses or promote the

---

[2] Other insurance actions filed outside of Louisiana have also been tagged.  *E.g., Am. Home Assurance Co. v. Peninsula II Developers*, 09-cv-23691 (S.D. Fla.); *Builders Mut. Ins. Co. v. Parallel Design & Dev't LLC*, No. 3:09-cv-800 (E.D. Va.); *Nationwide Mut. Ins. Co v. The Overlook, LLC*, No. 3:10-cv-37 (E.D. Va.); *Travco Ins. Co. v. Larry Ward*, No. 2:10-cv-00014 (E.D. Va.); *Owners Ins. Cov. The Mitchell Co.*, 09-374 (M.D. Ga.). *See also* The Mitchell Company, Inc.'s Rule 7.5(e) Corrected Revised Notice of Tag-Along Action, MDL Docket No. 161 (Jan. 27, 2010) http://www.jpml.uscourts.gov/_Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleading%20161

CASE NO. 09-cv-80743-MOORE/SIMONTON

just and efficient conduct of the litigation." JPML Dkt. 169, at http://www.jpml.uscourts.gov/_Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleadin g%20169.pdf. This reasoning does not apply in this case, however, since this declaratory judgment action is related to an action pending in MDL No. 2047 – the Foster lawsuit. Accordingly, on February 9, 2010, the Northstar defendants renewed their motion to transfer and re-tagged this case, distinguishing it from the decision in *Dragas*. *See* Dkt. 32.

**The Northstar Lawsuit**

On February 12, 2010, the Northstar defendants named by General Fidelity in this case filed a declaratory judgment and breach of contract action (the "Northstar lawsuit"), which raised the exact issues presented in this suit, yet is more comprehensive insofar as it also raises the same insurance issues with respect to four other insurance carriers whose coverage regarding Chinese drywall claims is also at issue, and raised breach of contract issues with respect to all defendants. *See* Northstar Complaint attached as Exhibit A. Unlike the piecemeal and inefficient approach taken by General Fidelity in the instant action, the Northstar lawsuit will resolve all issues sounding in contract and in torts as to all insurers, not just one issue with respect to one insurer.

While the case sub judice is technically the earlier-filed case, it is less comprehensive than the Northstar lawsuit. Moreover, the Northstar lawsuit will conserve judicial resources insofar as it is filed in the Eastern District of Louisiana before the same judge already presiding over the Chinese Drywall MDL, which issues are necessarily implication by this action. Indeed, courts in this district have recognized the wisdom of staying declaratory judgment actions when

.pdf

4

a second action will address the same questions, notwithstanding that the declaratory judgment action was the first filed action. *E.g., Great Lakes Reinsurance (UK) PLC v. TLU Ltd*., No. 07-61259, 2008 WL 828122, 1 (S.D. Fla. Mar. 27, 2008) (staying insurance declaratory judgment action pending resolution of later-filed breach of contract action).

## II.    ANALYSIS

General Fidelity states in paragraph 1 of its Complaint for Declaratory Judgment that it brings this action under 28 U.S.C. § 2201(a), which provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).   It is well-settled "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co*., 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed.2d 214 (1995).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. at 286-87 (internal quotations omitted). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id*. at 288.

A district court "may properly refuse declaratory relief if the alternative remedy is better

CASE NO. 09-cv-80743-MOORE/SIMONTON

or more effective." *Angora Enters., Inc. v. Condo. Assoc. of Lakeside Village,* 796 F.2d 384, 388 (11th Cir. 1986). "This is also true if there is a pending action in which some of the questions posed by the declaratory action have or may be raised." *Id.*

Motions to dismiss actions brought under the Declaratory Judgment Act commonly arise when the underlying action is filed in state court. However the United States Supreme Court has made clear that a motion to stay or dismiss may be entertained in cases such as this based on "principles…which govern in situations involving the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts. These principles rest on considerations of wise federal administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. U.S*., 424 U.S. 800, 817, 95 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) (internal quotation and citation omitted); *see also City Fed. Savings Bank v. Dominion Fed. Savings & Loan Assoc.*, 657 F. Supp. 477, 479 (S.D. Fla. 1987) (relying on *Colorado River* and dismissing complaint for declaratory relief).

The Eleventh Circuit in *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), set forth factors for district courts to consider in determining whether to dismiss a declaratory judgment action in favor of other litigation. Although the underlying action at issue in this case was brought in federal court, many of the factors described by the Eleventh Circuit apply herein:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful

6

CASE NO. 09-cv-80743-MOORE/SIMONTON

> purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of procedural fencing -that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id*. at 1331.

Applying these factors, courts have found that declaratory judgment actions which, like this action, raise the pollution exclusion, may be best brought with the underlying tort action. *E.g., Certain Interested Underwriters at Lloyd's London v. Jindani*, 2009 WL 5171755, 2 (M.D. Fla. 2009) (finding *Ameritas* factors favor abstention where underlying tort action involves factual issues pertinent to causation of contamination and pollution exclusion applicability, and "[n]either judicial economy nor comity would be served by this Court becoming involved in these same issues at this time"). *Cf. Bituminous Cas. Corp. v. J & L Lumber Co*., 373 F.3d 807 (6th Cir. 2004) (concluding that district court's decision to exercise jurisdiction over declaratory judgment action filed by liability insurer was not appropriate where coverage determination was dependent on fact-based issue of state law that was already being litigated in underlying state court negligence suit).

Indeed, this Court has stayed insurance company declaratory judgment actions under

similar circumstances, where adjudication of the underlying claims will require the same arguments, including interpretation of the same policy provisions, and the same witnesses as the insurance carrier's action.  *E.g., Lumbermens Mut. Cas. Co. v. Ins. Co. of State of Pa.*, 45 F. Supp. 2d 1349, 1352 (S.D. Fla. 1999) (Moore, J.) (granting defendants' motion to stay); *Great Lakes Reinsurance PLC v. Leon,* 480 F. Supp. 2d 1306, 1308 -1309 (S.D. Fla. 2007) (Moore, J.) (same).

Here, several of the *Ameritas* factors apply, and all weigh in favor of dismissing or staying the instant action.  First, the judgment in the federal declaratory action would not settle the controversy, as the underlying tort action will remain, Northstar's tort action will remain against General Fidelity and the other insurance carriers, and Northstar's declaratory judgment action will remain against the other carriers.  Second, it is evidence that the declaratory remedy is being used for the purpose of  procedural fencing, as there is an alternative remedy that is more effective and efficient, which arises in the MDL court.  The MDL court is already presiding over the underlying tort and the other insurance actions, including between the parties in this case. Moreover, the underlying factual issues are important to an informed resolution of the case, and rehashing those facts in this court as well as in the MDL court will waste judicial resources. Finally, the MDL court is in a better position to evaluate the factual issues; indeed, the first in a series of Chinese drywall trials is beginning on February 19, 2010.

At a minimum, Ms. Foster requests that this Court stays this action pending transfer to the MDL and/or resolution of the underlying property damage action, *Katherine L. Foster, et al. v. Northstar Holdings, Inc., et al.*, No. 09-80535, in the MDL.  The balance of interests under *Ameritas* supports dismissing or staying this proceeding.  Judicial resources would be saved and

the risk of inconsistent rulings would be avoided by dismissing or staying this duplicative and piecemeal litigation.

### III.    CONCLUSION

For the foregoing reasons, and in accord with Federal Rule of Civil Procedure 12(b)(3), Ms. Foster respectfully prays that this Court dismiss this action or stay it pending resolution of the underlying actions in the Eastern District of Louisiana.

CASE NO. 09-cv-80743-MOORE/SIMONTON

Dated: February 16, 2010                     Respectfully submitted,


                                             /s/ Jeremy W. Alters
                                             Jeremy W. Alters, Esquire
                                             (Fla Bar No. 111790)
                                             Jeremy@abbrclaw.com
                                             **Alters Boldt Brown Rush Culmo, PA**
                                             4141 N. E. 2nd Ave., Suite 201
                                             Miami, Florida 33137
                                             Tel. 305-571-8550
                                             Fax 305-571-8558

                                             and

                                             Bruce Steckler
                                             Texas State Bar No. 00785039
                                             Renee Melancon
                                             Texas State Bar No. 24034573; LA #30273
                                             **BARON & BUDD, P.C**
                                             3102 Oak Lawn Avenue, Suite 1100
                                             Dallas, Texas 75219
                                             Tel. 214- 521-3605; Fax 214-520-1181
                                             rmelancon@baronbudd.com
                                             bsteckle@baronbudd.com

                                             **Attorneys for Katherine L. Foster, Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.


                                             /s/ Jeremy W. Alters
                                             Jeremy W. Alters, Esquire


10

CASE NO. 09-cv-80743-MOORE/SIMONTON

### SERVICE LIST

**GENERAL FIDELITY INSURANCE COMPANY v. KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS at B & A, LLC, a Florida corporation**

**CASE NO. 09-80743-Civ-MOORE**

**United States District Court, Southern District of Florida**

RYAN K. HILTON, ESQ.
Rhilton@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG, LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorney for Plaintiff, General Fidelity Insurance Company

MICHAEL K. WILSON, P.A.
Mkwilson@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Avenue
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorney for Defendants,
Northstar Holdings, Inc.,
Northstar Homes, Inc., and
Northstar Holdings at B & A, LLC