UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

GENERAL FIDELITY INSURANCE CO.,

    Plaintiff,

vs.

KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., A Florida corporation; and NORTHSTAR HOLDINGS, AT B & A, LLC, a Florida Corporation,

    Defendants.
_____/

CASE NO.: 09-80743
JUDGE: K. Michael Moore
MAGISTRATE: Judge Andrea M. Simonton

**PLAINTIFF GENERAL FIDELITY INSURANCE COMPANY'S MOTION TO
LIFT THE STAY AS TO ALL DEFENDANTS UNTIL SUCH TIME AS THE MDL RULES
ON DEFENDANT KATHERINE FOSTER'S MOTION TO AMEND AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, General Fidelity Insurance Company ("General Fidelity"), by and through its undersigned counsel and pursuant to Local Rule for the Southern District of Florida 7.1, requests that this Court lift the stay and proceed with this case,[1] and states:

1. This case involves General Fidelity's suit for declaratory relief, filed on May 15, 2009, seeking a ruling that General Fidelity owes no duty to defend or indemnify Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings, at B & A, LLC ("Northstar") in an underlying lawsuit filed by Foster involving Chinese drywall. Doc. # 1. Subsequently, Foster's underlying action was transferred to the MDL in the Eastern District

---

[1] On July 31, 2010, the Clerk issued an e-mail stating "WARNING: CASE CLOSED." However, this Court has not otherwise resolved this matter and has since issued an Order denying Foster's Motion to Dismiss or Stay. *See* Order dated September 10, 2010 (Doc. 61).

of Louisiana.

2. On July 16, 2010, Foster filed a motion for a stay/extension of time to file a response to General Fidelity's Motion for Summary Judgment. Doc. # 48. In her motion, Foster requested that this Court extend the time for Foster to file a response because Foster had filed a motion for leave to amend her underlying complaint in the MDL court. In her motion, Foster represented to this Court that an amendment was necessary because of "new scientific research." Foster also represented to this Court that her amended complaint would "demonstrate that the exclusions upon which General Fidelity relies do not apply to exclude its duty to defend and indemnify Northstar." Notably, Foster failed to discuss the alleged "new scientific research" and failed to explain how her amended complaint would affect General Fidelity's duty to defend and indemnify Northstar. Foster also failed to provide this Court and the parties a copy of her proposed amended complaint. General Fidelity objected to Foster's requested extension for multiple reasons. Doc. # 53. On July 31, 2010, this Court granted Foster's request for an extension, which applies to all Defendants, but instructed the parties to notify the Court as soon as the MDL court rules on Foster's motion to amend. Doc. # 60.

3. However, on July 19, 2010, Foster's motion had been deemed deficient by the MDL clerk for failing to comply with certain local rules and procedures. The clerk notified Foster's counsel that Foster had seven days to file a corrected pleading. *See* Notice of Deficiency Document, attached as Exhibit A.

4. The undersigned eventually learned of the deficiency after contacting the MDL clerk. Immediately thereafter, on September 20, 2010, the undersigned informed Foster's counsel that Foster's motion was deemed deficient by the MDL clerk and was no

longer pending before the MDL court. The undersigned also told Foster's counsel of General Fidelity's intent to file the instant motion. Foster's counsel told the undersigned that they were unaware of any problems with Foster's motion to amend and that the problem would probably be corrected by the end of the week (i.e., by September 24, 2010). In light of this, General Fidelity chose not to file the instant motion at that time.

5.   Foster still has not filed a corrected motion to amend that complies with local rules and procedures. As a result, Foster does not have a motion to amend pending before the MDL court. Seventy-nine days have now passed since the clerk deemed Foster's motion deficient. General Fidelity respectfully submits that the time has come for this case to move forward.

6.   Based on the foregoing, General Fidelity respectfully requests that this Court lift the stay and move forward with General Fidelity's Motion for Summary Judgment. As this Court recognized in its Order dated September 10, 2010 (Doc. # 61), this Court can decide General Fidelity's duty to defend and duty to indemnify Northstar by looking at the current complaint. General Fidelity asks that this Court give Defendants a reasonable amount of time to file a response to General Fidelity's Motion for Summary Judgment, served on February 24, 2010.[2]

---

[2] Foster filed her motion for an extension on July 16, 2010, three days before her response to General Fidelity's Motion for Summary Judgment was due (on July 19, 2010). Northstar filed its motion for an extension on July 19, 2010, the same day its response was due. The responses were initially due on July 19, 2010, because: (1) pursuant to Federal Rule of Civil Procedure 56, Defendants had 21 days to respond to General Fidelity's Motion for Summary Judgment, filed on February 24, 2010 (Doc. # 37); (2) this Court directed the clerk to administratively close the case on February 26, 2010 (Doc. # 38); and (3) this Court directed the clerk to reopen the case on June 29, 2010 (Doc. # 43).

This Court originally extended the time for Defendants to file a response (with three

WHEREFORE, General Fidelity respectfully requests that this Court lift the stay and proceed with this case, and for any other relief this Court deems just and proper.

## MEMORANDUM OF LAW

A party's failure to comply with the court's order is grounds for lifting a stay. *Tjin-A-Tam v. U.S. Dept. of Homeland Sec.*, No. 05-23339-CIV, 2007 WL 2377047, *3 (S.D. Fla. 2007) (stating that "the Court will not hesitate to lift the stay in this matter should it learn that the Respondents have failed to adjudicate Petitioner's applications within the parameters set forth in this Order").

Here, Foster asked this Court to stay the instant case so that she could file an amended complaint in the MDL court. The Court granted Foster's request and instructed the parties "to notify this court of the status of the motion to amend within two (2) days of the MDL's ruling." However, although she has been notified by the MDL clerk and by the undersigned that the motion to amend was deemed deficient, Foster still has not filed a motion to amend that complies with local rules and procedures. As a result, there is no motion to amend pending before the MDL court and no reason to continue staying the instant case.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues but has been unable to do so.

---

days remaining for Foster's response and zero days remaining for Northstar's response) on the presumption that Foster was going to file an amended complaint in the Eastern District of Louisiana. Doc. # 60. However, Foster has no motion to amend pending in the Eastern District of Louisiana.

4

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

/s Ryan K. Hilton
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
rrawls@butlerpappas.com
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
rhilton@butlerpappas.com
ROBERT J. WITMEYER, ESQ.
Florida Bar No.: 10249
rwitmeyer@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:	(813) 281-1900
Facsimile:	(813) 281-0900
Attorneys for Plaintiff, General Fidelity Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s Ryan K. Hilton
RYAN K. HILTON, ESQ.

# SERVICE LIST

**GENERAL FIDELITY INSURANCE COMPANY v. KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS AT B & A, LLC, a Florida corporation**

**Case No.: 09-80743-Civ-MOORE**

**United States District Court, Southern District of Florida**

MICHAEL K. WILSON, P.A.
mkwilson@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Avenue
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorney for Defendants,
Northstar Holdings, Inc.,
Northstar Homes, Inc., and
Northstar Holdings at B & A, LLC

ROBERT B. BROWN, III, ESQ.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
Attorneys for Defendant.
Katherine L. Foster

JEREMY W. ALTERS, ESQ.
Jeremy@alterslaw.com
Alters Law Firm, PA
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Telephone: (305) 571-8550
Facsimile: (305) 571-8558
Attorneys for Defendant,
Katherine L. Foster