UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80743-MOORE

GENERAL FIDELITY INSURANCE CO.,

    Plaintiff,

v.

KATHERINE L. FOSTER, an individual;
NORTHSTAR HOLDINGS, INC., a Florida
corporation; NORTHSTAR HOMES, INC.,
a Florida corporation; and NORTHSTAR
HOLDINGS AT B & A, LLC, a Florida
corporation,

    Defendants.
_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION OF ORDER SCHEDULING TRIAL AND ORDER OF REFERRAL TO MEDIATION AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, PLAINTIFF, General Fidelity Insurance Company ("GENERAL FIDELITY"), and files its Unopposed Motion for Clarification of Order Scheduling Trial and Order of Referral of Mediation, and states as follows:

1. On May 15, 2009, Plaintiff GENERAL FIDELITY filed its declaratory judgment action in this matter (dkt # 1).

2. On June 4, 2009, this Court entered its paperless Pretrial Order (dkt # 4).

3. On June 17, 2009, this Court stayed and administratively closed this case pending conditional transfer to the Multidistrict Litigation ("MDL") (dkt # 6).

4. On December 7, 2009, this Court reopened this case in light of the United States Judicial Panel on Multidistrict Litigation's ("JPML") Order Vacating Conditional Transfer Order (dkt # 13).

5. On February 24, 2010, GENERAL FIDELITY filed its motion for summary judgment and memorandum of law in support in this case (dkt # 37).

6. On February 26, 2010, this Court stayed this case a second time and instructed the Clerk of Court to administratively close this case until the JPML decided Northstar's motion to transfer this case to the MDL (dkt # 38).

7. On June 29, 2010, this Court subsequently instructed the Clerk of Court to reopen this case after the JPML did not transfer this case to the MDL (dkt # 43).

8. On July 16, 2010, Defendant Foster filed a motion for a stay/extension of time to respond to GENERAL FIDELITY'S motion for summary judgment, indicating that she filed an amended complaint in the MDL (dkt # 48).

9. Meanwhile, on July 30, 2010, this Court entered its paperless Order Scheduling Trial (dkt # 58) and its paperless Order of Referral to Mediation (dkt # 59).

10. On July 31, 2010, this Court granted Foster's motion for a stay/extension, staying all deadlines with respect to GENERAL FIDELITY'S motion for summary judgment (dkt # 60) .

11. Notably, this Court observed in its Order granting Defendant Foster's motion for a stay/extension of time to respond to GENERAL FIDELITY'S motion for summary judgment:

> . . . An amended complaint in the underlying MDL proceeding may substantially affect the posture of Plaintiff's Motion for Summary Judgment [37]. Accordingly, the deadline to respond to Plaintiff's Motion for Summary Judgment is hereby STAYED as to all Defendants until such time as the MDL rules on Defendant Katherine L. Foster's motion to amend. . . .

(dkt # 60).

12. On October 6, 2010, GENERAL FIDELITY filed a motion to lift the stay(dkt # 62) that this Court imposed on July 31, 2010.

13. On November 9, 2010, this Court granted GENERAL FIDELITY'S motion to lift the stay and re-imposed deadlines for Defendants' responses and Plaintiff's reply to Plaintiff's pending motion for summary judgment (dkt # 66).

14. On November 23, 2010, Defendants filed their responses to GENERAL FIDELITY'S motion for summary judgment (dkt # 67 & dkt # 68).

15. On December 2, 2010, GENERAL FIDELITY filed its replies to Defendants' responses to its pending motion for summary judgment (dkt # 71 & dkt # 72).

16. Staying the response deadlines to GENERAL FIDELITY'S motion for summary judgment effectively stayed this entire case because GENERAL FIDELITY'S motion for summary judgment can dispose of all issues; that is, if this Court grants the pending motion for summary judgment, it would eliminate this action in its entirety.

17. Moreover, as this Court observed, Defendant Foster's "amended complaint in the underlying MDL proceeding may substantially affect the posture of Plaintiff's Motion for Summary Judgment" (dkt # 60), so the cause was not at issue during the time in which this Court stayed the responses to the motion for summary judgment.

18. Because of this, the parties have not conducted any discovery, participated in mediation or otherwise prepared for trial, if necessary.

19. The Order Scheduling Trial (dkt # 58) and the Order of Referral to Mediation (dkt # 59) preceded this Court's Order that stayed all response deadlines (dkt # 60), so the Order Scheduling Trial and Order of Referral to Mediation did not contemplate the stay of this case.

20. The time frames listed in the present Order Scheduling Trial and Order of Referral to Mediation would not be sufficient to complete all discovery, conduct mediation and proceed to trial, if necessary. The dates and events contemplated in the Order Scheduling Trial (dkt # 58) and Order of Referral to Mediation (dkt # 59) are as follows:

- Parties to select a mediator and file a Notice of Mediator Selection within fifteen (15) days of Order of Referral to Mediation (August 9, 2010);
- All motions to amend the pleadings or join additional parties – 45 days after the date of entry of the Order Scheduling Trial (September 13, 2010);
- Discovery shall be completed seventy (70) days prior to the date of trial (January 3, 2011);
- Any and all pretrial motions, including motions for summary judgment, filed no later than sixty (60) days prior to the trial date (March 13, 2011);
- Final pretrial conference March 1, 2011;
- Calendar Call set for March 10, 2011; and
- Two-week trial period beginning March 14, 2011.

21. The procedural posture and nature of this case present compelling circumstances which justify this Court to grant Plaintiff's motion for clarification and enter an Amended Order Scheduling Trial and an Amended Order of Referral to Mediation resetting the existing deadlines imposed in its Order Scheduling Trial (dkt # 58) and Order of Referral to Mediation (dkt # 59).

22. No prejudice will result to any party by the granting of this motion.

23. Plaintiff does not bring this motion for purposes of delay.

WHEREFORE, PLAINTIFF GENERAL FIDELITY INSURANCE COMPANY moves this Court to grant its unopposed motion for clarification and enter an Amended Order Scheduling Trial and an Amended Order of Referral to Mediation resetting the existing the deadlines for discovery, pretrial motions, pretrial conferences and the March 2011 trial period.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR CLARIFICATION OF ORDER SCHEDULING TRIAL AND ORDER OF REFERRAL TO MEDIATION

This Court has the inherent authority to modify or rescind its non-final orders. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed 2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Marconi Wireless T. Co. Of America v. U.S.*, 320 U.S. 1, 47-48, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943); *In re Soffady*, 524 F.3d 799 (6th Cir. 2008); *Cameo 21 Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986); *see also* Fed. R. Civ. P. 54(b).

Even final orders may be corrected by the Court upon oversight, omission, mistake, inadvertence or any other reason that justifies relief. FED.R.CIV.P. 60(a), (b).

The procedural posture and nature of this case present compelling circumstances which justify this Court to grant Plaintiff's unopposed motion for clarification and enter an Amended Order Scheduling Trial and an Amended Order of Referral to Mediation resetting the existing the deadlines for discovery, pretrial motions, pretrial conferences and the

March 2011 trial period.

In accordance with this authority, GENERAL FIDELITY moves this Court to grant its unopposed motion for clarification and enter an Amended Order Scheduling Trial and an Amended Order of Referral to Mediation resetting the existing the deadlines for discovery, pretrial motions, pretrial conferences and the March 2011 trial period.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with counsel of the parties who may be affected by the relief sought in this motion in a good faith effort to discuss the contents of this motion and counsel has no objection to this motion.

/s Ryan K. Hilton
Ryan K. Hilton, Esq.

Respectfully submitted,

/s Ryan K. Hilton
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
srawls@butlerpappas.com
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
rhilton@butlerpappas.com
ROBERT J. WITMEYER, ESQ.
Florida Bar No.: 10249
rwitmeyer@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff, GENERAL FIDELITY INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s Ryan K. Hilton
RYAN K. HILTON, ESQ.

## SERVICE LIST

**GENERAL FIDELITY INSURANCE COMPANY v. KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS AT B & A, LLC, a Florida corporation**

**Case No.: 09-80743-Civ-MOORE**

**United States District Court, Southern District of Florida**

MICHAEL K. WILSON, P.A.
mkwilson@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Avenue
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorney for Defendants,
Northstar Holdings, Inc.,
Northstar Homes, Inc., and
Northstar Holdings at B & A, LLC

ROBERT B. BROWN, III, ESQ.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
Attorneys for Defendant.
Katherine L. Foster

JEREMY W. ALTERS, ESQ.
Jeremy@alterslaw.com
Alters Law Firm, PA
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Telephone: (305) 571-8550
Facsimile: (305) 571-8558
Attorneys for Defendant,
Katherine L. Foster