UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

| | |
|---|---|
| GENERAL FIDELITY INSURANCE CO., | |
| Plaintiff, | CASE NO.: 09-80743<br>JUDGE: K. Michael Moore |
| vs. | MAGISTRATE: Judge Andrea M. Simonton |
| KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., A Florida corporation; and NORTHSTAR HOLDINGS, AT B & A, LLC, a Florida Corporation, | |
| Defendants.<br>_____/ | |

**PLAINTIFF'S EMERGENCY/EXPEDITED MOTION TO COMPEL INITIAL DISCLOSURES OF DEFENDANT KATHERINE L. FOSTER AND FOR SANCTIONS AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT**

Plaintiff, GENERAL FIDELITY INSURANCE COMPANY ("GENERAL FIDELITY"), by and through its undersigned counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves this Court for entry of an order compelling Defendant KATHERINE L. FOSTER ("FOSTER"), to provide her Initial Disclosures, as mandated by Rule 26(a)(1) of the Federal Rules of Civil Procedure, to assess sanctions in this cause, pursuant to Fed.R.Civ.P. 37 (a)(3)(A). GENERAL FIDELITY seeks expedited relief under Local Rule 7.1(e) and states as follows:

1. On July 28, 2010, the parties filed their Joint Proposed Discovery Plan and Scheduling Conference Report (dkt # 56).[1]

---

[1] General Fidelity's previously filed *Unopposed Motion for Clarification of Order Scheduling Trial and Order of Referral to Mediation and Memorandum of Law in Support* (dkt # 75) provides a detailed recitation of the procedural history of this case, which describes the multiple delays and stays of this case.

2. As reflected in the Joint Proposed Discovery Plan and Scheduling Conference Report, the parties did not agree on, among other things, the timing of serving Initial Disclosures (dkt # 56).

3. GENERAL FIDELITY, at that time, objected to the necessity of Initial Disclosures because GENERAL FIDELITY had (and still has) a pending motion for summary judgment that can dispose of this case (dkt # 56).

4. Alternatively, GENERAL FIDELITY proposed that Initial Disclosures would be due 14 days if a ruling on GENERAL FIDELITY's motion for summary judgment resulted in this case going forward (dkt # 56).

5. On July 30, 2010, this Court entered its Paperless Order Scheduling Trial in Miami (dkt. # 58).

6. The Paperless Order Scheduling Trial did not address when the parties should serve their Initial Disclosures.

7. Rule 26 (a)(1)(C) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."

8. On January 19, 2011, this Court entered another Order re-scheduling trial and ordered that all discovery must be completed by March 14, 2011 (dkt # 76).

9. On January 27, 2011, GENERAL FIDELITY served its Initial Disclosures.

10. On February 7, 2011, undersigned counsel advised counsel for FOSTER in a letter that FOSTER's Initial Disclosures had not been received and threatened to file a

motion to compel within five (5) days.  Letter dated February 7, 2011 attached as EXHIBIT A.

11. On February 16, 2011, the Northstar defendants served their Initial Disclosures.

12. On February 16 and 17, 2011, undersigned counsel called FOSTER's counsel to address, among other things, FOSTER'S missing disclosures; undersigned counsel left unreturned voice mail messages for FOSTER'S counsel.

13. On February 23, 2011, undersigned counsel again asked about FOSTER'S Initial Disclosures in a letter and advised that GENERAL FIDELITY had no choice but to file a motion to compel, unless FOSTER served her Initial Disclosures by noon the next day.  Letter dated February 23, 2011 [partially redacted] attached as EXHIBIT B.

14. At the time of the filing of this motion, FOSTER has still not served her Initial Disclosures upon GENERAL FIDELITY.

15. FOSTER's failure to serve her Initial Disclosures has prejudiced GENERAL FIDELITY by delaying discovery.

16. This matter is set for trial commencing on May 23, 2011.

17. Discovery cutoff in this matter is March 14, 2011.

18. GENERAL FIDELITY may require additional time to complete discovery in this matter as a result of FOSTER'S delay in serving her Initial Disclosures.

19. GENERAL FIDELITY has been patient and has allowed more than ample time for FOSTER to serve her Initial Disclosures.

20. GENERAL FIDELITY is entitled to receive FOSTER'S Initial Disclosures pursuant to Federal Rule of Civil Procedural 26(a)(1), and seeks this Court's Order

requiring FOSTER to serve her Initial Disclosures within five (5) days of an Order on this Motion.

21.     GENERAL FIDELITY further seeks to recover its reasonable attorney's fees associated with the preparation of this Motion.  Undersigned counsel avers that a reasonable sanction would be $250.00, which is reasonable considering undersigned counsel expended at least 1.5 hours preparing this Motion to Compel and for Sanctions and Memorandum of Legal Authority in Support.

22.     GENERAL FIDELITY seeks emergency/expedited relief requested in this Motion under Local Rule 7.1(e).

23.     Good cause exists for expedited relief as the current discovery cutoff is March 14, 2011.

WHEREFORE, GENERAL FIDELITY respectfully requests that this Court enter an Order compelling FOSTER to serve her Initial Disclosures within five (5) days, as well as reasonable attorney's fees associated with the preparation of this Motion as sanctions and for any other such relief as the Court deems appropriate under the circumstances.

## MEMORANDUM OF LEGAL AUTHORITY

Rule 26(a)(1) of the Federal Rules of Civil Procedure provides that, subject to certain exceptions not relevant here, "a party must, without awaiting a discovery request, provide . . . to the other parties" the specific Initial Disclosures of information set forth therein.  Rule 26 (a)(1)(C) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed

discovery plan." The goal of the Rule 26 Initial Disclosures is to elicit basic information about the litigation early in the course of the proceedings. 8 Fed. Prac. & Proc. Civ. 2d § 2053 (2009).

Rule 37(a)(3)(A), in turn, provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Such sanctions include, at a minimum, an order compelling disclosure. *See Mazzuca v. U.S. Sec. Associates, Inc.*, 2009 WL 529865 (E.D.Pa. 2009); *Thurby v. Encore Receivable Management, Inc.*, 251 F.R.D. 620 (D.Colo. 2008); *Ross v. Corporation of Mercer University*, 506 F.Supp.2d 1325 (M.D.Ga. 2007).

Sanctions may also include awarding the moving party reasonable attorney's fees in preparing such motions to compel. *See Albert v. Racetrack Petroleum, Inc.*, 2011 WL 65885, n. 1 (S.D. Fla. Jan. 10, 2011) (the Magistrate Judge granted the motion to compel initial disclosures and ordered the *pro se* plaintiff to pay defendant $100 in reasonable attorney's fees within 60 days).

In light of FOSTER's failure to provide the mandatory Initial Disclosures, GENERAL FIDELITY has no choice but to file its motion to compel FOSTER's Initial Disclosures. This motion is well taken, and this Court should enter an order compelling FOSTER to provide her Initial Disclosures, as well as reasonable attorney's fees associated with the preparation of this Motion as sanctions and for any other such relief as the Court deems appropriate under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned certifies that he attempted to confer in good faith with opposing

counsel in an effort to resolve the issues raised by this motion, as per the correspondence and telephone calls referenced herein, but no agreement was reached.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

/s/ Ryan K. Hilton
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
rrawls@butlerpappas.com
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
rhilton@butlerpappas.com
ROBERT J. WITMEYER, ESQ.
Florida Bar No.: 10249
rwitmeyer@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile:   (813) 281-0900
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ryan K. Hilton
RYAN K. HILTON

## SERVICE LIST

**GENERAL FIDELITY INSURANCE COMPANY v. KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS AT B & A, LLC, a Florida corporation**

Case No.: 09-80743-Civ-MOORE

United States District Court, Southern District of Florida


MICHAEL K. WILSON, P.A.
mkwilson@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Avenue
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorney for Defendants,
Northstar Holdings, Inc.,
Northstar Homes, Inc., and
Northstar Holdings at B & A, LLC

ROBERT B. BROWN, III, ESQ.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
Attorneys for Defendant.
Katherine L. Foster

JEREMY W. ALTERS, ESQ.
Jeremy@alterslaw.com
Alters Law Firm, PA
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Telephone: (305) 571-8550
Facsimile: (305) 571-8558
Attorneys for Defendant,
Katherine L. Foster